# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

Full Caption of Later Filed Case:

PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of
the State of New York

| Plaintiff | Case Number |
|---|---|
| vs. | 25-CV-3439 |
| DAILYPAY, INC. | |
| Defendant | |

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

DAILYPAY, LLC

| Plaintiff | Case Number |
|---|---|
| vs. | 25-CV-2849 |
| ATTORNEY GENERAL LETITIA JAMES, in her official capacity as the Attorney General of the State of New York | |
| Defendant | |

Status of Earlier Filed Case:

☐ Closed   (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open     (If so, set forth procedural status and summarize any court rulings.)

The Complaint in DailyPay, LLC v. James, 25-CV-2849, was filed on April 7, 2025. Defendant James was served on April 10, 2025. The Court has not made any rulings.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The newly filed case and the earlier filed case concern the same parties, DailyPay, LLC and the Attorney General of New York. DailyPay, LLC ("DailyPay") previously conducted business as DailyPay, Inc. and was incorrectly named as DailyPay, Inc. in the newly filed case.

The two cases concern the same transactions and events, namely DailyPay's on-demand pay product, which offered its New York users access to their earned pay, and DailyPay's marketing and offering of that product.

The two cases involve substantially the same underlying claims. The only difference between the two cases is that DailyPay filed the earlier filed case under the Declaratory Judgment Act, seeking a declaration that DailyPay did not violate 12 U.S.C. § 5531, New York usury and wage assignment laws, and New York General Business Law §§ 349, 350, whereas the Attorney General filed the newly filed case under New York Executive Law 63(12), asserting DailyPay violated those same statutes and an additional fraud claim.

As a result, the two actions concern the same parties and transactions and there is substantial factual overlap. Moreover, the parties could be subjected to conflicted orders and, absent a determination of relatedness, there would be a substantial duplication of effort and expense and it would cause undue burden on the Court, the parties, and the witnesses.

Signature: /s/ Marcus A. Asner           Date: 04/25/2025

Firm: Arnold & Porter Kaye Scholer LLP